UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| WIEDEN + KENNEDY, INC., <br><br> Plaintiff, <br><br> -v- <br><br> AMBER (HEAVENLY) USA, LTD., <br><br> Defendant. | Civil No. <br><br> **COMPLAINT** |

Plaintiff Wieden + Kennedy, Inc. ("W+K"), by its attorneys Davis+Gilbert LLP, as and for its Complaint against defendant Amber (Heavenly) USA Ltd. ("Amber Music" or "Defendant"), hereby alleges as follows:

## INTRODUCTION

1. This is an action for breach of contract arising from Amber Music's failure to indemnify W+K for more than $950,000, despite Amber Music's clear contractual obligation to do so.

## THE PARTIES

2. W+K is an Oregon corporation with its principal place of business located in Portland, Oregon. W+K is an advertising agency.

3. Upon information and belief, at all relevant times, Amber Music has been a New York Corporation with its principal place of business located in Brooklyn, New York. Amber Music is a commercial music production company.

## JURISDICTION AND VENUE

4. This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

5. W+K is an Oregon corporation with its principal place of business located in Oregon. Therefore, W+K is a citizen of the State of Oregon.

6. Amber Music is a New York corporation with a principal place of business located in New York. Therefore, Amber Music is a citizen of the State of New York.

7. W+K seeks more than $75,000 in damages.

8. Venue is proper in this Court because Amber Music's principal place of business is in Brooklyn, New York. Venue in this Court is also proper because Amber Music breached its contractual obligations to indemnify W+K from its principal place of business in Brooklyn, New York.

## FACTUAL ALLEGATIONS

9. W+K and Amber Music are parties to a Purchase Order dated January 12, 2007 (the "Purchase Order"). A true and correct copy of the Purchase Order is included as Exhibit 1 to this Complaint.

10. Pursuant to the Purchase Order, W+K paid Amber Music $35,000 to design and record a new version of the "Old Spice whistle" (the "Recording") featured in Old Spice advertisements.

11. Old Spice is a brand of grooming products, and the Old Spice brand is owned by the Procter & Gamble Company ("P&G"). P&G is a W+K client.

12. Pursuant to the Purchase Order, Amber Music represented and warranted that the Recording was Amber Music's "original work product," and that any use of the Recording "for advertising or trade purposes" would not violate "any law or the rights of any third parties."

13. Pursuant to the Purchase Order, Amber Music further agreed to indemnify and hold harmless W+K "against any and all loss, claim, expense, judgment, or other damage or

liability of any kind arising out of, or resulting from the performance of [the Purchase Order] by [Amber Music] (including, but not limited to, [Amber Music's] employees, agents, subcontractors, and others designated by [Amber Music]) or the use or reproduction as solely permitted herein."

14. After Amber Music created the Recording pursuant to the Purchase Order, the Recording was used in advertising for Old Spice.

15. After the Recording was used in advertising for Old Spice, H. Scott Salinas filed two lawsuits against, among others, W+K and P&G in the United States District Court for the Central District of California.

16. The first lawsuit filed by Salinas was captioned *H. Scott Salinas v. The Procter & Gamble Company et al.*, Case No.: 2:19-cv-06794-RGK-AS ("Salinas I"). The second lawsuit was captioned *H. Scott Salinas v. Amber (Heavenly) USA, Ltd., et al.*, Case No.: 2:20-cv-08363-JFW-E ("Salinas II, and together with Salinas I, the "Lawsuits").

17. In each of the Lawsuits, Salinas alleged that the Recording was his original work product, and that its use in advertisements for Old Spice violated his rights under the Copyright Act.

18. Therefore, because the Lawsuits related to the Recording delivered by Amber Music to W+K under the Purchase Order, and because the Lawsuits alleged that the Recording violated Salinas's rights in a copyrighted work, Amber Music was and is required to indemnify and hold harmless W+K "against any and all loss, claim, expense, judgment, or other damage or liability of any kind" resulting from the Lawsuits.

19. Both Salinas I and Salinas II were resolved on December 23, 2020, by the filing of Stipulations of Dismissal.

20. In defending and resolving the Lawsuits, W+K incurred more than $950,000 in attorney's fees and costs that were not covered by W+K's insurance provider. Under the clear terms of the Purchase Order, Amber Music is required to indemnify W+K for these amounts (the "Indemnified Amounts").

21. On or around September 25, 2020, W+K through counsel provided formal written notice to Amber Music of its obligation to indemnify W+K.

22. On November 19, 2021, W+K through counsel again provided formal written notice to Amber Music of its obligation to indemnify W+K.

23. On July 2, 2024, W+K again provided written notice to Amber Music of its obligation to indemnify W+K.

24. To date, Amber Music has not paid the Indemnified Amounts.

## AS AND FOR A CAUSE OF ACTION
### (BREACH OF CONTRACT)

25. W+K repeats and incorporates by reference the allegations set forth in paragraphs 1 to 24 of the Complaint as if fully set forth herein.

26. The Purchase Order constitutes a valid and binding agreement between W+K and Amber Music.

27. W+K has performed all its material obligations under the Purchase Order.

28. Amber Music has breached the Purchase Order by failing to make indemnification payments due and owing under the agreement in an amount in excess of $950,000.

29. W+K has repeatedly demanded that Amber Music pay the amounts due and owing under the Purchase Order, but Amber Music has failed to make the required payments.

30. As a result of Amber Music's failure to make the required payments, W+K has been damaged in an amount in excess of $950,000.

**WHEREFORE**, Plaintiff Wieden+Kennedy, Inc. demands judgment against Defendant Amber (Heavenly) USA Ltd. as follows:

(a) Awarding damages in an amount to be determined at trial, but in no event less than $950,000, plus costs, disbursements and interest; and

(b) Granting such other and further relief as the Court deems just and proper.

Dated:       New York, New York
             August 4, 2025

                                        DAVIS+GILBERT LLP

                                        By:   */s/ Guy Cohen*
                                              Guy Cohen

                                        1675 Broadway
                                        New York, New York 10019
                                        (212) 468-4800
                                        gcohen@dglaw.com

                                        *Attorneys for Plaintiff*
                                        *Wieden+Kennedy, Inc.*